**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALISA APPS, | No. 18-15889 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01132-JAD-NJK |
| v. | |
| UNIVERSAL MUSIC GROUP, INC.; ISLAND RECORDS; JOHN NEWMAN; STEVE BOOKER, | MEMORANDUM* |
| Defendants-Appellees. | |
| ALISA APPS, | No. 18-15987 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-01132-JAD-NJK |
| v. | |
| UNIVERSAL MUSIC GROUP, INC., | |
| Defendant-Appellant, | |
| and | |
| ISLAND RECORDS; JOHN NEWMAN; STEVE BOOKER, | |

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|                | Defendants. |
| -------------- | ----------- |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted March 23, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Plaintiff Alissa Apps, a singer-songwriter, brought suit under the Copyright Act, 17 U.S.C. § 101 *et seq.*, alleging that the following defendants copied her song "Need to Know": John Newman (singer of "Love Me Again," the allegedly infringing song), Steve Booker (the song's producer), Island Records (owner of the copyright to the allegedly infringing song and producer of the album containing the song), and Universal Music Group, Inc. ("UMGI") ("a holding company [which] does not create, develop, perform, market, sell, distribute, or exploit recorded music or musical compositions"). A summons was issued for each defendant, but only UMGI was served, leaving UMGI as the sole defendant.

The district court granted summary judgment as well as costs and attorneys' fees to UMGI. UMGI appeals, contending that its award of costs and attorneys'

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

fees should have been larger. Apps also appeals, contending that no costs and attorneys' fees should have been awarded at all. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court's award and calculation of attorneys' fees under the Copyright Act are reviewed for abuse of discretion. *Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996). "Reasonable" fees may be awarded to the prevailing party under § 505. In reviewing that award, we consider the following factors: the degree of success obtained, frivolousness of the claim, motivation behind the claim, the objective reasonableness of the losing party's factual and legal arguments, the need to advance considerations of compensation and deterrence, and the purpose of the Copyright Act. *Id.* at 890–91; *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986–87 (2016).

Apps pursued litigation against UMGI even after she could have discerned "that UMGI was *not* a proper defendant because it is merely a holding company that transacts no business. " "At the very least," the district court explained, "she could have heeded the deposition testimony of UMG Recordings, Inc.'s in-house counsel and secretary Sheryl Gold, who testified unequivocally and repeatedly that UMGI is a holding company that has no business operations, engages in no transactions, and does not exploit music in any way."

3

After the district court granted summary judgment, UMGI requested $127,658.94 in costs and attorneys' fees, the amount incurred over "the entire life of this case." But the district court only granted $41,955 in fees and $946.23 in costs, the amount incurred *after* Sheryl Gold's deposition. The court explained, "I find UMGI is entitled to an award of the attorney's fees and costs that it incurred after it became clear that UMGI was not the proper defendant—which occurred at the latest at the February 2017 deposition of UMGI's person most knowledgeable."

The district court carefully considered the *Fogerty* and *Kirtsaeng* factors and outlined its reasoning in detail. The district court did not abuse its discretion in concluding that "it was unreasonable for Apps to maintain this suit only after she deposed Ms. Gold." Its award of attorneys' fees and costs for UMGI's expenses after the deposition was proper.

**AFFIRMED.**